```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                       Civil No. 07-293(DSD/SRN)
```

Cynthia M. Nutter and
Angela Ford,

       Plaintiffs,

v.                                                          **ORDER**

Messerli & Kramer, P.A.,
Brian A. Chou, Mercedes A.
Gustafson, Northern Financial
Systems, Inc. and Cory D. Johnson,

       Defendants.


      John H. Goolsby, Esq. and Goolsby Law Office, 2021
      Hennepin Avenue East, Suite 195, Minneapolis, MN 55413,
      counsel for plaintiffs.

      Andrew J. Steil, Esq., Derrick N. Weber, Esq. and
      Messerli & Kramer, 3033 Campus Drive, Suite 250,
      Plymouth, MN 55441 counsel for defendants Messerli &
      Kramer, Brian Chou and Mercedes Gustafson.

      Gregory J. Myers, Esq. and Lockridge, Grindal & Nauen,
      100 Washington Avenue South, Suite 2200, Minneapolis, MN
      55401, counsel for defendants Northern Financial and Cory
      Johnson.


This matter is before the court on the motion of defendants Cory Johnson and Northern Financial Systems, Inc. to dismiss and the motion of defendants Messerli & Kramer, P.A., Brian Chou and Mercedes Gustafson for judgment on the pleadings or in the alternative for summary judgment. Based upon a review of the file and record and for the reasons stated, the court grants defendants'

motion to dismiss and grants defendants' motion for summary judgment in part.

**BACKGROUND**

This Fair Debt Collection Practices Act ("FDCPA") action arises out of defendant Messerli & Kramer, P.A.'s ("M&K") attempt to collect on a debt. Plaintiffs Cynthia M. Nutter ("Nutter") and Angela R. Ford ("Ford") incurred a debt on a U.S. Bank reserve line of credit. Plaintiffs objected to the debt, pointing to a zero balance on a May 8, 2001, statement as proof that they had paid the debt. (Compl. Ex. A.) According to U.S. Bank, Nutter and Ford did not pay the debt, and U.S. Bank sold the account to CACV of Colorado, LLC ("CACV"), which later sold the account to defendant Northern Financial Systems, Inc. ("NFS"). NFS turned plaintiffs' alleged debt over to M&K for collection purposes to M&K.[1]

In 2003, M&K commenced a lawsuit on behalf of NFS against Nutter and Ford in Anoka County, Minnesota, district court. In that action, M&K sent initial discovery requests to Ford in January of 2004 and to Nutter in October of 2005. On December 13, 2005, after receiving no response, M&K sent Nutter a letter asking for a prompt reply to its discovery request. On January 25, 2006, Brian A. Chou ("Chou"), an M&K attorney, submitted an affidavit in

---

[1] NFS and M&K are both debt collectors as defined by § 1692a(6) of the FDCPA, 15 U.S.C. §§ 1692a-p.

support of a motion to compel discovery stating that "as of January 25, 2006, [NFS's] requests for discovery remain wholly outstanding."  (Compl. ¶ 34.)

Throughout the course of the Anoka County action, the parties disputed the status of the alleged debt.  Nutter and Ford claimed that the debt was paid.  NFS disagreed.  In support of NFS's contention that Nutter and Ford did not repay the debt, NFS president Cory D. Johnson ("Johnson") submitted an affidavit in the state court action stating that Nutter and Ford owed "$3,323.15, plus interest and reasonable attorneys' fees."  (Answer Ex. 2 at 2.)[2]  Plaintiffs claimed that the credit appearing on a May 8, 2001, statement showed that the account was paid in full.  However, M&K attorney Mercedes A. Gustafson ("Gustafson") stated in papers submitted in the Anoka County district court action that no "corresponding credits were applied to the account" by U.S. Bank. (Compl. ¶ 41.)  Chou also asserted that there is "no evidence supporting the claim of [plaintiffs] that a payment was made to satisfy the account."  (Compl. ¶ 43.)  After Judge Lawrence R. Johnson denied cross-motions for summary judgment on December 26, 2006, the parties entered into a stipulation of dismissal with

---

[2] Johnson also submitted an affidavit tracing the ownership of the debt from U.S. Bank to NFS.  In that affidavit, Johnson stated that he had attached a bill of sale showing that NFS purchased Nutter and Ford's account from U.S. Bank.  The exhibit attached to his affidavit contained two separate bills of sale showing an initial transaction between U.S. Bank and CACV and a subsequent transaction between CACV and NFS.  (See Answer Ex. 2.)

prejudice of the state court action on January 16, 2007. (See Answer Ex. 11.)

On January 23, 2007, Nutter and Ford filed this federal lawsuit alleging NFS, Johnson, Chou, Gustafson and M&K violated multiple sections of the FDCPA and engaged in abuse of process and malicious prosecution in the course of the state court proceeding.[3] Defendants now move for judgment on the pleadings pursuant to Rule 12(c) or in the alternative for summary judgment pursuant to Rule 56.[4]

**DISCUSSION**

**I.   Standards of Review**

Federal Rule of Civil Procedure 12(c) provides that if, on a motion for judgment on the pleadings, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Both parties have submitted materials outside of the pleadings that the court has considered, and the court treats the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56.

---

[3] Plaintiffs further allege that defendants invaded their privacy by intrusion on seclusion, but the court dismissed this claim at oral argument.

[4] Although NFS and Johnson filed a separate motion to dismiss, substantively they join in defendants M&K, Chou and Gustafson's motion for judgment on the pleadings or for summary judgment.

The moving party in a motion for summary judgment will prevail if it demonstrates to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a nonmoving party cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II.  FDCPA Claims**

Plaintiffs assert that defendants violated multiple sections of the FDCPA: 15 U.S.C. §§ 1692d, d(2), e, e(2), e(10), f and f(1). Section 1692d prohibits debt collectors from harassing, oppressing or abusing any person in connection with the collection of a debt,

5

and 1692d(2) specifically prohibits the use of obscene or profane language by debt collectors. Section 1692e prohibits debt collectors from making false, deceptive or misleading representations in connection with any debt collection by engaging in harassment or abuse, including the false representation of the amount of any debt. See 15 U.S.C. §§ 1692e, e(2), e(10). Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect any debt, including fees incidental to the debt not otherwise authorized by the agreement that created the debt. See id. §§ 1692f, f(1).

Although they assert multiple violations of the FDCPA, plaintiffs have presented no evidence that defendants harassed them or used unfair practices in an attempt to collect the debt. See 15 U.S.C. §§ 1692d, d(2), f, f(1). Rather, plaintiffs have focused strictly on alleged false statements defendants made in connection with the state court action. Because plaintiffs have not opposed defendants' motion for summary judgment on the claims under 15 U.S.C. §§ 1692d, d(2), f, or f(1), summary judgment in favor of defendants on these claims is warranted.

As to the § 1692e false or misleading representations, plaintiffs make three types of allegations. First, plaintiffs argue that defendants made false statements related to the existence of the debt. Plaintiffs specifically contend that Johnson's affidavit about the billing statements, Chou's statement

6

regarding whether there was evidence to support Nutter and Ford's claim that the debt was paid and Gustafson's statement about whether U.S. Bank had applied a credit to plaintiffs' account - all of which implied that a debt existed - were false or misleading. Second, plaintiffs allege a misrepresentation by Chou in his affidavit of January 25, 2006, stating that M&K's discovery request remained unanswered. Third, plaintiffs allege that Johnson's affidavit misrepresents the bill of sale attached thereto and the history of the debt ownership.

As an initial matter, the court finds that this final allegation against Johnson relating to the bill of sale is factually without merit. The sale shown by the two bills of sale attached to Johnson's affidavit demonstrated NFS's purchase of plaintiffs' debt from U.S. bank, albeit indirectly. Therefore, Johnson's statement that the bill of sale was from U.S. Bank merely referenced the two-step sale and was not a misrepresentation. Accordingly, the court grants defendants' motion for summary judgment as to this claim.

Defendants argue plaintiffs' remaining FDCPA claims are barred by the relevant statute of limitations. A FDCPA charge must be brought within one year from the date of the violation. 15 U.S.C. § 1692k(d). Plaintiffs assert that their claims show a continuing violation of the FDCPA. Under a continuing violation theory, each new communication begins a fresh statute of limitations period for

7

the claim. <u>Sierra v. Foster & Garbus</u>, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999). However, "[n]ew communications ... concerning an old claim ... [do] not start a new period of limitations." <u>Campos v. Brooksbank</u>, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000); <u>see also Kirscher v. Messerli & Kramer, P.A.</u>, No. 05-1901, 2006 WL 145162, at *3 (D. Minn. Jan. 18, 2006). In all cases, a plaintiff must have notice of the violation for the statute of limitations to run. <u>Id.</u>

Here, the statements based on the status of the debt are all new communications concerning an old claim. The statements at issue – made by defendants Johnson, Chou and Gustafson – all relate back to NFS's assertion that the debt remained outstanding. NFS made this claim and plaintiffs had notice of it by October 17, 2003, the date by which NFS had initiated lawsuits against both Nutter and Ford. Because Johnson, Chou and Gustafson's statements merely restated a claim made over three years prior to the filing of this lawsuit, plaintiffs' claims relating to the existence of the debt are barred by the statute of limitations.

The alleged misrepresentation in the discovery claim, however, is not a new communication about an old claim. The dispute about the status of discovery did not arise until January 25, 2006, when Chou stated in an affidavit in the state court action that NFS's discovery requests remained wholly outstanding. The discovery dispute did not relate back to any previous claim but instead

8

served as the basis for a new alleged misrepresentation. Moreover, because plaintiffs filed this federal action within a year of the alleged discovery-related misrepresentation, the statute of limitations does not bar this claim.

Defendants argue that even if the statute of limitations does not bar the discovery claim, the litigation privilege prevents plaintiffs from pursing the matter. In Minnesota, absolute privilege exists for any statements, whether oral or written, made during judicial proceedings that are relevant to the proceeding. See Matthis v. Kennedy, 67 N.W.2d 413, 418 (Minn. 1954); see also Mahoney & Hagberg v. Newgard, 712 N.W.2d 215, 219 (Minn. Ct. App. 2006). However, the FDCPA applies "to lawyers engaged in litigation" for two reasons. Heintz v. Jenkins, 514 U.S. 291, 294 (1995). First, the FDCPA defines those engaged in collection of debt, including attorneys, as "debt collectors." See 15 U.S.C. § 1692a. Second, Congress first enacted the FDCPA with an exception for attorneys that was later repealed without creating any litigation-related exemption. Heintz, 514 U.S. at 294. This indicates that "Congress intended that lawyers be subject to the [FDCPA] whenever they meet the general 'debt collector' definition." Id. at 295. As such, the litigation privilege does not apply to the discovery claim.

## III.  Malicious Prosecution and Abuse of Process

Plaintiffs allege that defendants engaged in malicious prosecution and abuse of process.  To state a claim for malicious prosecution a plaintiff must show that the suit was: (1) brought without probable cause or a reasonable belief that the plaintiff could prevail; (2) brought with malicious intent; and (3) terminated in the defendants' favor.  Kellar v. VonHoltum, 568 N.W.2d 186, 192 (Minn Ct. App. 1997).  "The plaintiff must prove both malice and want of probable cause" to succeed.  Virtue v. Creamery Package Mfg. Co., 142 N.W. 930, 936 (Minn. 1913); see also Stead-Bowers v. Langley, 636 N.W.2d 334, 338 (Minn. Ct. App. 2001).  To prove abuse of process the plaintiff must show that there was an ulterior purpose and that the defendant used the process to achieve something not within the scope of the proceedings.  Kellar, 568 N.W.2d at 192 (citing Hoppe v. Klapperich, 28 N.W.2d 780, 786 (1947)).

The parties dispute who prevailed in the state court action, but even if the court interpreted the mutual dismissal on the merits as a favorable result for Nutter and Ford, the malicious prosecution claim fails.  In the underlying action the Anoka County District Court found that genuine issues of material fact existed regarding the status of the debt.  For this reason, NFS, M&K, Chou and Gustafson could have formed a reasonable belief that they could have prevailed on the merits in that action.  As a result, a

10

required element to succeed on a claim for malicious prosecution, the lack of probable cause, is not present in plaintiffs' case. Therefore, summary judgment on this claim is warranted.

Similarly, plaintiffs' claim for abuse of process also fails. Based upon the information provided to them by NFS and U.S. Bank, M&K, Chou and Gustafson could have formed a reasonable belief that the debt remained outstanding.  Guided by that belief, the attempted collection of the debt was not beyond the scope of the proceedings in the state court action.  For this reason, summary judgment on plaintiffs' abuse of process claim is also warranted.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Defendants Messerli & Kramer, P.A., Brian Chou and Mercedes Gustafson's motion for summary judgment [Doc. No. 4] is denied as to the discovery-related claim and granted as to all remaining claims.

2. Defendants Cory Johnson and Northern Financial Systems, Inc.'s motion to dismiss [Doc. No. 8] is granted.

Dated:  August 8, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court